IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 22-cr-0317

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CARLOS PANTOJA-CAMPOS,

    Defendant.

---

## MOTION FOR VARIANT SENTENCE

---

COMES NOW the defendant, Mr. Pantoja-Campos, by and through his Criminal Justice Act appointed attorney, Jesse A. Glassman, and respectfully submits the following Motion for Variant Sentence, as follows:

**1. The Plea:** On November 10, 2022, Mr. Pantoja-Campos pleaded guilty to Count 1 of the Indictment charging Illegal Reentry After Deportation Subsequent to a Felony Conviction, in violation of 8 U.S.C. § 1326(a) and (b)(1).

**2. Sentencing Calculation:** The Defense concurs with the calculations of the United States Probation Office as reflected in the PSIR. The total offense level is 10. The criminal history score is IV. According to the sentencing table in USSG Chapter 5, Part A, the guideline range is 12 to 18 months.

**3. Motion for Variant Sentence:**  Pursuant to sentencing factors outlined in 18 U.S.C. § 3553(a), the Defense makes the following argument for a variant sentence:

- a. **Reflects the Seriousness of the Offense, Promotes Respect for the Law and Provides a Just Punishment for the Offense.**  Mr. Pantoja-Campos's crime is serious.  However, there is an estimated population of 10 million unauthorized individuals in the United States currently; the majority of which will not face consequences for illegally entering the Country.  The question becomes what sentence to impose which treats Mr. Pantoja-Campos as similarly situated individuals.

- b. **Affords Adequate Deterrence to Criminal Conduct.**  Mr. Pantoja-Campos has been convicted 3 times of Illegal Re-Entry After Deportation.  Mr. Pantoja-Campos understands and appreciates why the Court must impose a punishment for coming back into the United States.  When released from custody, he intends to live with his sister, Juana, in Mexico.  The issue, as with so many like Mr. Pantoja-Campos, is that his 5 children, his wife, his mother, and his siblings live in Denver.  The town in Mexico where he will live is dangerous.  He faces bodily harm, extortion, and possibly death while living there.  However, when he is incarcerated, he cannot provide financially for his family.  In Mexico, he can at least work and send money back to his family.  Undersigned counsel requests the

        Court consider the collateral consequences Mr. Pantoja-Campos faces by living in this dangerous place while separated from his family.

c. **Protects the Public from Further Crimes of the Defendant.** While Mr. Pantoja-Campos has a criminal history pertaining to traffic infractions, DUI's, and license issues, he is not violent, and he is not a threat to the community. In fact, the opposite can be said because of his work ethic and the significant role he takes as a father and husband.

d. **Provides the Defendant with the Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner.** Mr. Pantoja-Campos intends to enroll in all of the correctional programs available.

e. **Need to Avoid Unwarranted Sentencing Disparity among Defendants with Similar Records Guilty of Similar Conduct.** It is difficult to not consider the broken immigration system especially in the last couple of years. According to NBC news, 2.76 million unauthorized immigrants crossed into the United States in the fiscal year 2022. The crime at present is re-entry after deportation, but the principal issue is millions of migrants are not deported in the first place and the majority of illegal migrants face no penalty at all. At sentencing, Mr. Pantoja-Campos will have spent approximately 670 days in-custody for the three prior illegal re-entries and pre-sentence confinement in the present matter (not including the new sentence this Court imposes). Mr. Pantoja-Campos has

repeatedly re-entered illegally, and that is his fault.  However, it is very difficult to avoid a disparity with the current immigration system.  Mr. Pantoja-Campos received a 7-month prison sentence for his last illegal re-entry.  Undersigned counsel argues a 7-month sentence punishes Mr. Pantoja-Campos as he was previously and still provides a deterrence to him from re-entering in the future.

**f.     The Need to Provide Restitution to the Victims.**  Restitution is not an issue in the present matter.

**4.  Conclusion:**  The defense is not making an argument that everyone else is doing the same thing so there should not be consequences.  Instead, the defense is arguing that Mr. Pantoja-Campos has spent nearly two years of his life in-custody due to immigration laws that do not apply equally to others and therefore requests leniency based on equity.  Wherefore, the defense respectfully requests a sentence of 7 months' prison and no term of supervised release.  While the request for no supervised release is outside the guidelines, it is permitted statutorily.

Respectfully Submitted,

s/ Jesse A. Glassman
Jesse A. Glassman
Attorney for Defendant
Reg. #37787
Glassman & Faye, PC
427 W 13th Ave
Denver, CO 80204
Telephone: 720-345-8444
Fax: 303-265-9481
Jesse@GlassmanFaye.com

4

## CERTIFICATE OF SERVICE

      I hereby certify that on January 21, 2023, I electronically filed the foregoing *Motion for Variant Sentence* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Al Buchman, AUSA - Al.Buchman@usdoj.gov

                                                s/ Jesse A. Glassman
                                                Jesse A. Glassman
                                                Attorney for Defendant