IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-0000317-DDD

UNITED STATES OF AMERICA,

   Plaintiff,

v.

CARLOS PANTOJA-CAMPOS,
  a/k/a Carlos Pantoja-Hernandez,
  a/k/a Jose Pantoja-Hernandez,
  a/k/a Carlos Socorro-Socorro,
  a/k/a Juan Socorro Pantoja-Hernandez,
  a/k/a Jesus Hernandez,

   Defendant.

## RESPONSE TO THE DEFENDANT'S SENTENCING STATEMENT

The United States of America, by and through Cole Finegan, United States Attorney for the District of Colorado, and Albert Buchman, Assistant United States Attorney, respectfully submits this Response to the defendant Carlos Pantoja-Campos' "Motion for Variant Sentencing." ECF 24. In opposition, the government recommends a sentence of 12 months' imprisonment and three years' supervised release as sufficient, but not greater than necessary, to comply with 18 U.S.C. § 3553(a), after a fast-track departure is applied.

## I.     A 12-month prison sentence is justified under § 3553(a).

A bottom guidelines sentence of 12 months' imprisonment, if imposed, would be the defendant's most significant criminal justice sentence to date. Accordingly, that sentence is sufficient to promote the defendant's compliance with civil immigration laws and deter him from future reentry. *Id.* § 3553(a)(2)(A) and (B).

At its root, 8 U.S.C. § 1326 is a deterrence statute promulgated to enforce civil immigration regulation. *See e.g.*, *United States v. Hernandez-Baide*, 392 F.3d 1153, 1158 (10th Cir. 2004), overruled on other grounds by *Hernandez-Baide v. United States*, 544 U.S. 1015 (2005); *United States v. Hernandez-Guerro*, 147 F.3d 1075, 1078 (9th Cir. 1998). Overwhelmingly, the defendant has been previously removed from the United States six times, returning to the United States time-and-again and often quickly after deportation in defiance of immigration orders. *See* ECF 23, ¶ 13. He has previously served 97-day (four months' and one day additional after supervised release was revoked), eight months' (11 months' after supervised release was revoked), and seven months' prison sentences on his three illegal reentry convictions. *Id.* ¶¶ 33, 34, 35. Those felony convictions unfortunately have not served to deter him from reentering the county and further demonstrate that this offense—a fourth offense with enhanced guidelines—is serious. *Id.* ¶ 20, 33-35 (applying enhancement and criminal history points for previous convictions); 18 U.S.C. § 3553(a)(2)(A). In the context of the defendant's immigration history, 12 months' is greater than his

previous initial sentences for illegal reentry and is thus sufficient to promote his respect for the law and deter further reentry while also acknowledging his timely acceptance of responsibility in this case. *Id.* §§ 3553(a)(2)(A) and (B). It is illogical and would be lenient windfall to award the defendant his recommended seven months' when his previous eight- and seven-month prison sentences (and sentences imposed on violation of supervised release) have not prevented yet another illegal reentry here. The government appreciates probation's strong reasoning in support of its recommendation, ECF 23, p. R-2–R-3, but believes that 12-months', however, is greater than necessary to promote the goals of § 3553(a).

The defendant argues that he should be sentenced similarly to "10 million unauthorized individuals . . . the majority of which will not face consequences for illegal entering the County." ECF 24, pp. 2-4. He states in no uncertain terms that he requests leniency based on disparities in the system. *See id.* p. 4. He fails to recognize, however, that the crime for which he is being sentenced is for reentry after deportation, not illegal entry pursuant to 8 U.S.C. § 1325, and thus he is not similarly situated to those who simply enter the country illegally. Rather, his overwhelming reentries after removals and concerning criminal history, addressed below, represent choices he has made that truly separate him from the others with whom he aligns himself. In fact, the government believes this argument asks the Court to award a variance in a manner that essentially invalidates the law and therefore promotes *disrespect* in direct contradiction of the plain language of § 3553(a)(2)(A) (stating

affirmatively a "need" to promote respect). *See Gall v. U.S.*, 552 U.S. 38, 54 (2007) (characterizing the government's concern that a lenient sentence would promote disrespect as "legitimate").[1]

To be sure, the government is concerned with the defendant's criminal history while in the United States, and a bottom guidelines sentence, and nothing less, is justified to deter the defendant from recidivism and protect the public per 18 U.S.C. §§ 3553(a)(2)(B) and (C). During his time in the United States, the defendant has incurred numerous traffic convictions, while not violent, have all surely risked the safety of community's roads and defied the state's traffic and licensing laws. ECF 23, ¶¶ 29, 30, 31, 32; *see* Title 42, Colorado Revised Code. None of these convictions have deterred him from driving while in the country: while acknowledging that the defendant is presumed innocent, the government cannot overlook, and urges the Court to similarly not ignore, the defendant's four pending state traffic cases. *Id.* ¶¶ 40-43; 18 U.S.C. § 3661 (no limitation on what information the Court can consider in imposing an appropriate sentence). In fact, one of these cases, Adams County Case No. 21CR03991 appears to have been incurred since his last reentry and involves felonious conduct[2] and a hit-and-run. *Compare* ECF 23, ¶ 13 *with* ¶ 43. To the

---

1   Unsurprisingly, the government has been unable to find any cases where federal courts were permitted to decline enforcement of a substantive criminal law under § 3553(a), nor has the defendant cited to any authority for his bold request. Indeed, a congressional enactment will be invalidated only upon a showing that Congress has exceeded its constitutional bounds, *United States v. Morrison*, 529 U.S. 598, 607 (2000), a claim the defendant has not made here.

2   During his time in the United States, the defendant has also utilized aliases likely to avoid detection and provided false information to authorities, further demonstrating an inability to comply

contrary of the defendant argument that he "is not a threat to the community," *see* ECF 24, p. 3, the government is anxious that it is likely only a matter of time before the defendant's continued drinking and driving results in injury or death.[3] Rather, reflecting upon this criminal history as a whole, the government reasons a bottom guidelines prison sentence serves to deter the defendant from other criminal conduct and also protect the public under 18 U.S.C. §§ 3553(a)(2)(B) and (C).

## II.     Three years' supervised release should be imposed.

The government agrees with probation's reasoning for a three-year supervised release term, to additionally promote deterrence and protect the public under 18 U.S.C. §§ 3583(c) and 3553(a)(2)(B) and (C). It appears in the defendant's criminal history, supervised release has both served to monitor and punish the defendant's reentry after deportation, ECF 23, ¶ 33, 34, as well as possibly deter him from immediate reentry since his last illegal reentry conviction, *see id.* ¶ 35 (the defendant has not violated his supervised release in District of Colorado 15-cr-00446-PAB by reentering during the term), p. R-2 ("most recently he waited until his three-year term of supervised release was completed…"). In light, a special condition should once again be imposed to monitor and enforce the defendant's presence outside of the

---

with the law, ECF No. 23, p. 2. The nature of the felony charges in Adams County Case No. 21CR3991, appear to indicate that ongoing conduct.

3       National      Highway      Traffic      Safety      Administration,      Drunk      Driving      Statistics, https://www.nhtsa.gov/risky-driving/drunk-driving (accessed January 23, 2023).

United States given his strong ties here. ECF 23, p. R-2; 18 U.S.C. § 3583(d); *see also* ECF 23, ¶¶ 46-60.

### III.  Conclusion.

The government requests that the Court impose a sentence of 12 months' imprisonment and three years' supervised release, a sentence sufficient, but not greater than necessary, to accomplish the goals set forth in 18 U.S.C. § 3553(a).

Dated this 23rd day of January, 2023.

    Respectfully submitted,

    COLE FINEGAN
    United States Attorney

    *s/Albert Buchman*
    ALBERT BUCHMAN
    Assistant United States Attorney
    United States Attorney's Office
    1801 California Street, Suite 1600
    Denver, Colorado 80202
    Telephone: (303) 454-0100
    E-mail: al.buchman@usdoj.gov

    Attorney for the Government

**CERTIFICATE OF TYPE-VOLUME LIMITATION**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

<u>s/Albert Buchman</u>
Albert Buchman

**CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

<u>s/Lauren Timm</u>
Lauren Timm
Legal Assistant
United States Attorney's Office